UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL JOHNSON,

Plaintiff,

v.

Case No. 26-cv-12490
HON. MARK A. GOLDSMITH

CYNTHIA ADAMEK, et al.,

Defendants.
_______________________________/

**OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL**

Michigan prisoner Michael Johnson, confined at the Thumb Correctional Facility in Lapeer, Michigan, filed this pro se civil rights complaint pursuant to 42 U.S.C. § 1983. The case is before the Court on initial screening. In his complaint, Johnson raises claims concerning his medical care in prison and asserts violations of his rights under the Eighth and the Fourteenth Amendments to the United States Constitution. Johnson names nurses Cynthia Adamek and Stacey Robinson, nurse practitioner Michelle Powell, health unit manager Janet Nixon, supervisory nurse Jay Saph, and Michigan Department of Corrections (MDOC) administrators Patricia Lamb and Kari Nader as the defendants and sues them in their individual and official capacities. He seeks injunctive relief and monetary damages. Compl. (Dkt. 1). The Court has granted Johnson leave to proceed without prepayment of the filing fee. 7/28/26 Order (Dkt. 5). For the reasons set forth below, the Court dismisses Johnson's complaint in part.

## I. ANALYSIS

Under the Prison Litigation Reform Act of 1996 (PLRA), the Court is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that

the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a prisoner complaint seeking relief against government entities, officers, and employees which is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989).

A pro se civil rights complaint is to be construed liberally. Haines v. Kerner, 404 U.S. 519, 520–521 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (punctuation modified). While this notice pleading standard does not require detailed factual allegations, it does require more than the bare assertion of legal principles or conclusions. Twombly, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (i) he or

she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (ii) the deprivation was caused by a person acting under color of state law. Flagg Bros. v. Brooks, 436 U.S. 149, 155–157 (1978); Harris v. Circleville, 583 F.3d 356, 364 (6th Cir. 2009). A plaintiff must also allege facts showing that the deprivation of rights was intentional. Davidson v. Cannon, 474 U.S. 344, 348 (1986); Daniels v. Williams, 474 U.S. 327, 333–336 (1986).

**A. Eighth Amendment Claim**

In his complaint, Johnson alleges that Adamek, Robinson, Powell, and Nixon denied and/or delayed providing him with appropriate medical care for a collapsed lung on June 19, 2023 and June 20, 2023. Compl. at PageID.13–16.

The United States Supreme Court has held that "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 104 (1976). When a prisoner receives some medical care but challenges the adequacy of that care, a prisoner must allege facts showing that the care is "so grossly incompetent" or so grossly "inadequate" as to "shock the conscience" or "be intolerable to fundamental fairness." Phillips v. Tangilag, 14 F.4th 524, 535 (6th Cir. 2021) (citing Rhinehart v. Scutt, 894 F.3d 721, 737 (6th Cir. 2018)). Accidental harms do not "inflict" "punishment." Id. (citing Wilson v. Seiter, 501 U.S. 294, 300 (1991)). "An official must cause the harm with a sufficiently culpable mental state—in this context, criminal recklessness." Id. (citing Santiago v. Ringle, 734 F.3d 585, 591 (6th Cir. 2013)).

Construing the complaint liberally, the Court concludes that Johnson alleges sufficient facts to state a plausible Eighth Amendment claim against Adamek, Robinson, Powell, and Nixon

based on the alleged denial and/or delay of his medical care. While Johnson may or not prevail on such claims, he states potential claims for relief that survive the Court's initial screening process.

**B. Fourteenth Amendment Claim**

Johnson alleges that Adamek violated his equal protection and due process rights under the Fourteenth Amendment by failing to complete a clinical encounter note on July 19, 2023 and falsifying it on September 9, 2023, two days after his Step 1 grievance was denied. Compl. at PageID.13–14. Johnson relatedly alleges that Nixon and Saph violated his equal protection and due process rights under the Fourteenth Amendment by failing to ensure that Adamek completed the note and allowing Adamek to falsify it while leaving it out of their investigations. Id. at PageID.16. Johnson further alleges that Saph, Lamb, and Nader violated his equal protection and due process rights under the Fourteenth Amendment by denying his Step 1, Step II, and Step III grievances. Id. These claims are subject to dismissal.

First, Johnson fails to state a viable equal protection claim against any of the defendants in his complaint. Prisoners are entitled to equal protection under the law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). The linchpin of an equal protection claim is that the government has intentionally treated people who are similarly situated in a different manner without a rational basis for the disparate treatment. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); Ross v. Duggan, 402 F.3d 575, 587–588 (6th Cir. 2004). Prisoners are not members of a protected class for equal protection purposes due to their status as prisoners. Jackson v. Jamrog, 411 F.3d 615, 619, (6th Cir. 2005); Wilson v. Yaklich, 148 F.3d 596–604 (6th Cir. 1998). Johnson's equal protection claim lacks factual support. He fails to indicate with any specificity why or how he was treated differently from others who are similarly situated. Conclusory allegations are

insufficient to state a claim under § 1983. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555–557; Crawford-El v. Britton, 523 U.S. 574, 588 (1998); Moldowan v. City of Warren, 578 F.3d 351, 390–391 (6th Cir. 2009). Johnson thus fails to state an equal protection claim upon which relief may be granted in his complaint.

Second, Johnson fails to state a viable due process claim against Adamek, Nixon, and Saph (or any defendant) concerning the preparation, accuracy, and/or falsification of his medical records. There is no constitutional right to accurate medical records (other than to the extent that it implicates proper medical care under the Eighth Amendment). See, e.g., Marshall v. Groff, No. 23-cv-1118, 2023 WL 7485669, *7 (W.D. Mich. Nov. 13, 2023) (citing cases and dismissing claim); Jones v. Correct-Care Solutions, No. 23-cv-70, 2023 WL 6217349, *5 (W.D. Ky. Sept. 25, 2023) (summarily dismissing claim that nurse falsified medical records); McDougald v. Eaches, No. 16-cv-900, 2016 WL 7015834 *3 (S.D. Ohio Sept. 16, 2016) (collecting cases and stating that the "mere filing of an incomplete or false medical report does not state a claim of federal constitutional dimension."), R & R adopted, 2016 WL 7015785 (S.D. Ohio Nov. 30, 2016); accord Reyna v. Clark, No. 20-cv-181, 2023 WL 6157424, *6 (E.D. Tex. Aug. 1, 2023) (failure to accurately document prisoner's injuries did not amount to constitutional violation), R & R adopted, 2023 WL 6119364 (E.D. Tex. Sept. 18, 2023); Raynor v. Washington, No. 22-cv-1193, 2023 WL 2757565 (D. Conn., April 3, 2023) (failure by physician and nurses to create a medical incident report did not rise to the level of a constitutional violation); Parks v. Bd. of Cnty. Comm'rs of Oklahoma Cnty., No. 20 -cv-205, 2022 WL 2872258, *3 (W.D. Okla. July 21, 2022) ("The issue presented ... is a discrete right to accurate medical records. The Court is not persuaded that such a constitutional right exists."); Bernazard v. Bartsich, No. 15-cv-945, 2015 WL 6455159, *2

(E.D.N.Y. Oct. 26, 2015) ("[T]here is no constitutional right to accurate medical records to which plaintiff points or that I can discern."); Swearington v. California Dep't of Corr. and Rehab., No. 12-cv-00958, 2014 WL 1671749, *5 (E.D. Cal. Apr. 28, 2014) (ruling that a prisoner "does not have an independent (due process) right to an accurate prison [medical] record"); Richardson-El v. Illinois Dep't of Corr., No. 13-cv-00952, 2013 WL 5648264, *3 (S.D. Ill. Oct. 16, 2013) ("Plaintiff has no constitutional right to accurate medical records, and inaccurate medical records do not impede his right to be heard."). Johnson thus fails to state a due process claim upon which relief may be granted as to this issue in his complaint. The Court notes that Johnson's medical records remain relevant for his Eighth Amendment claims.

Third, Johnson fails to state a viable due process claim against Saph, Lamb, and Nader concerning their investigation of his claims and their denial of his grievances. A due process claim cannot be premised on the denial of a prisoner's grievance. See Alder v. Corr. Med. Servs., 73 F. App'x 839, 841 (6th Cir. 2003) ("The mere denial of a prisoner's grievance states no claim of constitutional dimension."); Argue v. Hofmeyer, No. 03-1156, 2003 WL 22495834 at *2 (6th Cir. Oct. 30, 2003) (citing cases and stating that "there is no inherent constitutional right to an effective grievance procedure"); Keenan v. Marker, 23 F. App'x 405, 407 (6th Cir. 2001) (dismissing claim that prison officials wrongfully denied a prison grievance "as there is no inherent constitutional right to an effective prison grievance procedure").

While a prisoner has a First Amendment right to file grievances against prison officials, Herron v. Harrison, 203 F.3d 410, 415 (6th Cir. 2000), the First Amendment does not impose an affirmative obligation on the government to consider, respond to, or grant any relief on a petition for redress of grievances. Smith v. Arkansas State Hwy. Emps., Local 1315, 441 U.S. 463, 464–

465 (1979); Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999) ("A citizen's right to petition the government does not guarantee a response to the petition or the right to compel government officials to act on or adopt a citizen's views."). An inmate does not have a constitutionally protected interest in a jail or prison grievance procedure or the right to an effective procedure. Walker v. Michigan Dep't of Corr., 128 F. App'x 441, 445 (6th Cir. 2005); Argue, 80 F. App'x at 430.

It is also well-settled that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under § 1983 and that liability cannot be based upon a theory of respondeat superior or vicarious liability. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691-692 (1978); Everson v. Leis, 556 F.3d 484, 495 (6th Cir. 2009). At a minimum, a plaintiff must allege facts which show that the defendant "implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct." Peatross v. City of Memphis, 818 F.3d 233, 242 (6th Cir. 2016) (quoting Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999)). Johnson fails to do so with respect to Saph, Lamb, and Nader. He does not allege facts showing what they personally did or did not do to violate his rights. An assertion that they (or any defendant) failed to supervise an employee, should be vicariously liable for another's conduct, or did not sufficiently respond to the situation, is insufficient to state a claim under § 1983. See Shehee, 199 F.3d at 300; see also Martin v. Harvey, 14 F. App'x 307, 309 (6th Cir. 2001).

As the United States Court of Appeals for the Sixth Circuit has explained, the failure to investigate another person's alleged constitutional violation "do[es] not constitute 'active constitutional behavior' as required and thus, [is] not actionable" under § 1983. Frodge v. City of Newport, 501 F. App'x 519, 532 (6th Cir. 2012) (quoting Bass v. Robinson, 167 F.3d 1041,

1048 (6th Cir. 1999)). In other words, an official's purported failure to investigate or take corrective action does not constitute personal involvement in the underlying alleged misconduct. See Knop v. Johnson, 977 F.2d 996, 1014 (6th Cir. 1992); Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984); see also Grinter v. Knight, 532 F.3d 567, 576 (6th Cir. 2008) (the denial of grievances or the failure to act does not subject supervisory prison officials to liability under § 1983). Johnson's only factual allegations against Saph, Lamb, and Nader involve their responses to his complaints and denials of his grievances. He thus fails to state claims upon which relief may be granted against those defendants. See Carlton v. Jondreau, 76 F. App'x 642, 644 (6th Cir. 2003). In sum, Johnson fails to state a due process claim upon which relief may be granted in his complaint.

**C. Sovereign Immunity**

Johnson's complaint must also be dismissed, in part, based on sovereign immunity. Johnson sues the defendants, who appear to be MDOC employees and thereby employees of the State of Michigan, in their official capacities and seeks monetary damages as relief. The Eleventh Amendment bars civil rights actions against a State and its departments and agencies unless the State has waived its immunity and consented to suit or Congress has abrogated that immunity. Will v. Mich. Dep't of State Police, 491 U.S. 58, 66 (1989). Eleventh Amendment immunity applies to state employees who are sued in their official capacities. Colvin v. Caruso, 605 F.3d 282, 289 (6th Cir. 2010) (citing Cady v. Arenac Co., 574 F.3d 334, 344 (6th Cir. 2009)).

"The State of Michigan ... has not consented to being sued in civil rights actions in the federal courts," Johnson v. Unknown Dellatifa, 357 F.3d 539, 545 (6th Cir. 2004) (citing Abick v. Mich., 803 F.2d 874, 877 (6th Cir. 1986)), and Congress did not abrogate state sovereign immunity

when it passed § 1983. Chaz Const., LLC v. Codell, 137 F. App'x 735, 743 (6th Cir. 2005). Eleventh Amendment immunity "bars all suits, whether for injunctive, declaratory or monetary relief against a state and its agencies," McCormick v. Miami Univ., 693 F.3d 654, 661 (6th Cir. 2012) (quoting Thiokol Corp. v. Dep't of Treasury, 987 F.2d 376, 381 (6th Cir. 1993)), but does not preclude prospective injunctive relief. McCormick, 693 F.3d at 662 (citing McKey v. Thompson, 226 F.3d 752, 757 (6th Cir. 2000)). Because the remaining defendants appear to be employees of the State of Michigan who are sued in their official capacities, they are entitled to Eleventh Amendment immunity. See Johnson, 357 F.3d at 545. Johnson's claims for monetary damages and any relief, other than prospective injunctive relief, against the defendants in their official capacities must be dismissed.

## II. CONCLUSION

For the reasons stated, Johnson's medical care claims under the Eighth Amendment against Adamek, Robinson, Powell, and Nixon survive the initial screening process. Johnson fails to state a claim upon which relief may be granted against all of the defendants as to the alleged violation of his equal protection and due process rights under the Fourteenth Amendment and fails to state any claim upon which relief may be granted against Saph, Lamb, and Nader. Accordingly, the Court dismisses those claims and those defendants from this case.

The remaining defendants, Adamek, Robinson, Powell, and Nixon, are state employees so they are entitled to Eleventh Amendment immunity. Accordingly, the Court dismisses Johnson's claims for monetary damages and any relief, other than prospective injunctive relief, against Adamek, Robinson, Powell, and Nixon in their official capacities.

**SO ORDERED.**

Dated: October 5, 2026
Detroit, Michigan

s/Mark A. Goldsmith
MARK A. GOLDSMITH
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 5, 2026.

s/Joseph Heacox
JOSEPH HEACOX
Case Manager